

James A. Goodman, State Bar No. 89715
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
Telephone: 310.556.8861
Facsimile:  310.553.2165
jgoodman@ebglaw.com

Attorneys for Defendant
TURNER CONSTRUCTION COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS THOMPSON,<br><br>                  Plaintiff,<br><br>        v.<br><br>TURNER CONSTRUCTION COMPANY, a New York corporation and DOES 1 through 20, inclusive,<br><br>                  Defendants. | CASE NO.  07 CV 2412 JM (JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**<br><br>Honorable Jeffrey T. Miller<br><br>Date:   February 22, 2008<br>Time:   1:30 p.m.<br>Ctrm:  16 |

///
///
///
///
///
///
///
///
///

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................ 1

II.   STATEMENT OF FACTS ............................................................ 1

III.  ARGUMENT ............................................................................... 3

    A.    THE COURT HAS AUTHORITY TO DISMISS AN ACTION, OR ALTERNATIVELY GRANT SUMMARY JUDGMENT, WHERE ALL OF THE CLAIMS ARE COVERED BY AN ARBITRATION AGREEMENT ...................................................................... 3

    B.    ALL OF THOMPSON'S CLAIMS ARE COVERED BY THE PARTIES' ARBITRATION AGREEMENT. ........................... 3

    C.    THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE. ...................................................................... 4

        1.    Federal and State Law Favor Arbitration ................................. 4

        2.    Federal and State Law Provide for the Arbitration of Employment Disputes ........................................................ 5

        3.    Federal Law Controls if State Law Conflicts. ........................... 6

        4.    No Grounds for Revocation of the Agreement Exist. ......................................................................................... 7

            (a)    The Arbitration Agreement Is Substantively Conscionable. .............................................................. 7

                (1)    The Agreement Provides for Representation by Counsel ......................... 8

                (2)    The Agreement Provides for a Neutral Arbitrator. .................................................. 8

                (3)    The Agreement Does Not Limit Remedies. ................................................. 8

                (4)    The Agreement Guarantees Adequate Discovery. ................................................ 9

                (5)    The Agreement Provides for a Written Arbitration Award. ....................................... 10

                (6)    The Agreement Provides for Judicial Review of the Award. ...................................... 10

Thompson v. Turner Construction Company
CASE NO. 07 CV 2412 JM (JMA)

(7)    Turner Will Pay for Any Fees Beyond What Thompson Would Have to Pay in Court.............................................. 10

(8)    The Agreement is Mutual. ..................................... 11

(b)    The Agreement Is Procedurally Conscionable. .......................................... 11

5.    The Court Also May Sever Any Provisions It Finds Unconscionable and/or Imply Terms into the Agreements. .......................................................... 13

IV.    CONCLUSION ............................................................ 14

LA:468341v1

Thompson v. Turner Construction Company
Case No. 07 CV 2412 JM (JMA)

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Circuit City Stores, Inc. v. Adams,*
    532 U.S. 105, 121 S.Ct. 1302 (2001) ...................................................5

*Duffield v. Robertson Stephens & Co.,*
    144 F.3d 1182 (9th Cir. 1998) .........................................................5

*EEOC v. Luce Forward, Hamilton & Scripps,*
    345 F.3d 742 (9th Cir. 2003) .........................................................12

*Farac v. Permanente Medical Group,*
    186 F. Supp. 2d 1042 (N.D.Cal. 2002) ...........................................6

*Ferguson v. Countrywide Credit Industries, Inc.,*
    298 F.3d 778 (9th Cir. 2002) ..........................................................9

*Martin Marietta Aluminum, Inc. v. Gen. Elec Co.,*
    586 F.2d 143 (9th Cir. 1978) ..........................................................3

*Martin v. SCI Management L.P.,*
    296 F. Supp. 2d 462 (S.D.N.Y. 2003) ............................................9

*Moorning-Brown v. Bear, Stearns & Co.,*
    1999 WL 1063233 (S.D.N.Y. 1999) ..............................................6

*Moorning-Brown v. Bear, Stearns & Co., Inc.,*
    2000 WL 16935 (S.D.N.Y. 2000) .................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,*
    460 U.S. 1, 103 S.Ct. 927 (1983) ...................................................4

*Olivares v. Hispanic Broadcasting Corp.,*
    12 A.D. [BNA] Cases 607 (C. D. Cal. 2001) ...................................5

*Smecken v. Genesis Medical Interventional, Inc.,*
    2004 WL 2203561 (N.D. Cal. 2004) ..............................................3

- iii -

## STATE CASES

*24 Hour Fitness v. Superior Court,*
    66 Cal.App.4th 1199, 78 Cal.Rptr.2d 533 (1998)..................................................7

*Armendariz v. Foundation Health Psychare Services,*
    24 Cal.4th 83, 99 Cal. Rptr. 2d 745 (2000)..........................6, 7, 9, 10, 11, 13

*Craig v. Brown & Root, Inc.,*
    84 Cal.App.4th 416, 100 Cal.Rptr.2d 818 (2000)..................................6, 12

*Graham v. Scissor-Tail, Inc.,*
    28 Cal.3d 807, 171 Cal.Rptr. 604 (1981)..............................................11

*Lagatree v. Luce Forward Hamilton & Scripps,*
    74 Cal.App.4th 1105, 88 Cal.Rptr. 2d 664 (2000)..............................9, 12

*Little v. Auto Stiegler, Inc.,*
    29 Cal. 4th 1064, 130 Cal.Rptr.2d 892 (2003)................................7, 11, 13

*Mercuro v. Superior Court of Los Angeles County,*
    96 Cal.App.4th 167, 116 Cal.Rptr.2d 671 (2002)..........................................9

*West v. Henderson,*
    227 Cal.App.3d 1578, 278 Cal.Rptr. 570 (1991)..........................................12

## FEDERAL STATUTES

9 U.S.C. § 1...................................................................................................5

## STATE STATUTES

Cal. Civ. Code § 1670.5.................................................................................11

Cal. Civ. Code §1599......................................................................................13

Cal. Civ. Code § 3545.....................................................................................12

Code of Civil Procedure §§ 1280, *et seq.* ......................................................6

- iv -

Code of Civil Procedure § 1281 ..................................................................5, 10

Code of Civil Procedure § 1283.4 .....................................................................10

California Government Code Section 12940, *et seq* ............................................5

California Government Code Section 12945.2........................................................5

LA:468341v1

Thompson v. Turner Construction Company
Case No. 07 CV 2412 JM (JMA)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action arises from the employment of Plaintiff Thomas Thompson ("Thompson" or "Plaintiff") with Defendant Turner Construction Company ("Turner" or "Defendant").  Thompson asserts claims against Turner for:  (1) wrongful termination in violation of public policy; (2) defamation – slander; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress.

This action should be dismissed, or alternatively summary judgment should be granted, because all of the claims asserted by Thompson herein are subject to a valid and binding arbitration agreement.

### II.   STATEMENT OF FACTS

Thompson was hired by Defendant Turner Construction Company as a Safety Engineer for its San Diego office on or about March 21, 2005. Marshall Dec.,[1] ¶ 4; Complaint, ¶ 5; UF 1.[2]

At the start of his employment, on or about March 24, 2005, Thompson expressly agreed in writing to be bound by Turner's Dispute Resolution Policy and Procedures (hereinafter "Agreement").  Marshall Dec., ¶¶ 5-8, Exhs. 1-4; UF 2-7.

With respect to the claims covered, the Agreement provides, in pertinent part:

> This Policy is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms.

---

[1]      "Marshall Dec." refers to the Declaration of Connie Marshall filed concurrently herewith.

[2]      "UF" refers to the (Proposed) Statement of Uncontroverted Facts filed concurrently herewith.

- 1 -

. . .

"Dispute" means all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Policy or by an agreement to resolve Disputes under the Policy, or between a person bound by the Policy and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to:

. . .

2.    the employment or potential reemployment of an Employee, including the terms, conditions, or termination of such employment with the Company;

3.    employee benefits or incidents of employment with the Company;

4.    any other matter related to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of: . . . defamation; infliction of emotional distress . . .;

Agreement, pp. 1-2, ¶¶ 1 and 2, Exh. 2 to the Marshall Dec.; UF 4.

On or about October 25, 2006, Turner terminated Thompson's employment. Complaint, ¶ 28.

On or about November 21, 2006, after learning that Thompson had filed the instant lawsuit against Turner, counsel for Turner wrote to counsel for Thompson to remind him of the parties' arbitration agreement and inform him that Turner would seek to enforce the Agreement if Thompson were unwilling to stipulate to resolve the dispute through arbitration. Goodman Dec., ¶ 3.[3] Counsel for Turner

---

[3]    "Goodman Dec." refers to the Declaration of James A. Goodman filed concurrently herewith.

- 2 -

1    has also attempted to reach Thompson's attorney by telephone.  Goodman Dec., ¶

2    5.  As of the time of this filing, counsel for Turner has been unable to obtain an

3    agreement from Thompson to arbitrate his claims.  Goodman Dec., ¶¶ 4-5.

4

5    **III.    ARGUMENT**

6        **A.    THE COURT HAS AUTHORITY TO DISMISS AN ACTION,**

7    **OR ALTERNATIVELY GRANT SUMMARY JUDGMENT,**
     **WHERE ALL OF THE CLAIMS ARE COVERED BY AN**

8    **ARBITRATION AGREEMENT**

9        "When all claims made in the litigation are subject to arbitration, courts may

10   . . . choose to dismiss the action in its entirety for the failure to state a claim under

11   Rule 12(b)(6)."  Smecken v. Genesis Medical Interventional, Inc., 2004 WL

12   2203561, 2 (N.D. Cal. 2004), citations omitted.  Dismissal makes particular sense

13   where, as here, nothing would remain for the Court to do once the arbitration

14   process is completed.  Id., at 5 ("Because nothing will remain for the Court to

15   resolve after arbitration, the Court sees no advantage to either party in retaining

16   jurisdiction.").

17       Courts may also grant summary judgment in cases were all claims are barred

18   by an arbitration clause.  Martin Marietta Aluminum, Inc. v. Gen. Elec Co., 586

19   F.2d 143 (9th Cir. 1978).  Thus, if the Court concludes that this motion should be

20   treated as a motion for summary judgment pursuant to Rule 12(b) of the *Federal*

21   *Rules of Civil Procedure*, then summary judgment in Defendant's favor is

22   appropriate.

23

24       **B.    ALL OF THOMPSON'S CLAIMS ARE COVERED BY THE**
     **PARTIES' ARBITRATION AGREEMENT.**

25       Thompson expressly agreed that all claims arising from his employment

26   with Turner would be resolved according to the parties' Agreement.  The

27   Agreement, signed by Thompson at the beginning of his employment, "create[s] an

28   exclusive procedural mechanism for the final resolution of all Disputes falling

- 3 -

within its terms" which "shall be finally and conclusively resolved" pursuant to the agreement. "Disputes" include "all legal and equitable claims" related to "the employment or potential reemployment" of an employee "or concerning the relationship between the Employee and the Company." Marshall Dec., ¶¶ 5-8, Exhs. 1-4; UF 2-7.

Here, all of Thompson's claims arise from his employment. In his first cause of action for wrongful termination in violation of public policy, Thompson alleges that Turner terminated his employment "because he strictly followed California's and TURNER's stated safety policies and procedures for construction job sites ...." Complaint, ¶ 33. In his second cause of action for defamation, Thompson alleges that "after his employment was terminated ...TURNER published false and defamatory information concerning Plaintiff's work performance while he was in TURNER's employ." Complaint, ¶ 42. Finally, Thompson's third and fourth causes of action for intentional and negligent infliction of emotional distress are based on the same allegations as his first two claims. Complaint, ¶ 47-48, and 54-55.

Because all of these claims arise from Thompson's employment, they are covered by the Agreement which provides the exclusive means for their resolution.

## C.    THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE.

### 1.    Federal and State Law Favor Arbitration

Federal courts have recognized a strong policy favoring arbitration such that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927 (1983).

///

///

1  Arbitration agreements are also enforceable under state law:

2  A written agreement to submit to arbitration an existing
3  controversy or a controversy thereafter arising is valid,
   enforceable and irrevocable, save upon such grounds as
4  exist for the revocation of any contract.

5  C.C.P. § 1281 (emphasis added).

6

7  ## 2.    Federal and State Law Provide for the Arbitration of
           Employment Disputes
8

9  The U.S. Supreme Court, in Circuit City Stores, Inc. v. Adams, 532 U.S.

10 105, 121 S.Ct. 1302 (2001) remanded to Circuit City Stores, Inc. v. Adams, 279 F.

11 3d 889 (2002) (reversed on other grounds) ("Circuit City/Adams"), reversing the

12 Ninth Circuit's series of decisions that contracts of employment were excluded

13 from arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.,

14 determined that arbitration agreements in the employment context are subject to

15 the FAA, excepting only transportation workers (not relevant here).  The Supreme

16 Court held that "by agreeing to arbitrate a statutory claim, a party does not forgo

17 the substantive rights afforded by statutes; it only submits their resolution in an

18 arbitral, rather than judicial, forum."  Circuit City/Adams, 523 U.S. at 123 (citation

19 omitted).  Post-Circuit City/Adams cases enforce arbitration agreements dealing

20 with employment disputes.  See e.g., Olivares v. Hispanic Broadcasting Corp., 12

21 A.D. [BNA] Cases 607 (C. D. Cal. 2001) ("in light of . . . Circuit City, the Ninth

22 Circuit's decision in Duffield,[4] should not preclude arbitration of Plaintiff's

23 FEHA[5] or CFRA[6] claims").

24 _____

25 [4]   Duffield v. Robertson Stephens & Co., 144 F.3d 1182 (9th Cir. 1998).

26 [5]   "FEHA" refers to the California Fair Employment and Housing Act,
   California Government Code Section 12940, et seq.

27 [6]   "CFRA" refers to the California Family Rights Act, California Government
28 Code Section 12945.2.

- 5 -

The California Arbitration Act ("CAA"), California *Code of Civil Procedure* Sections 1280, *et seq.*, also requires the enforcement of arbitration agreements covering employment disputes which meet certain standards of conscionability, all of which are present here. The CAA specifically covers "agreements between employers and employees or between their respective representatives." Armendariz v. Foundation Health Psychare Services, 24 Cal.4th 83, 98, 99 Cal. Rptr. 2d 745 (2000) ("Armendariz"). Since Armendariz, California courts have generally enforced arbitration agreement of employment disputes. Craig v. Brown & Root, Inc., 84 Cal.App.4th 416, 100 Cal.Rptr.2d 818 (2000) (enforcing arbitration provision and subsequent arbitration award in a wrongful termination, sexual harassment and gender discrimination case).

In sum, there is a strong public policy in favor of arbitration, which includes the type of non-statutory claims raised by Thompson against his former employer.

### 3.    Federal Law Controls if State Law Conflicts.

The federal courts have not imposed the conditions in arbitrating employment disputes that must be met under California law. Rather, federal courts have required only general indicia of fairness. This has resulted in the enforcement of arbitration agreements with one-sided clauses[7] and agreements with requirements that the parties share the court reporter's costs and bring claims within one year.[8] To the extent California law is inconsistent with this broad policy of arbitration, it is preempted by the FAA.[9] However, the Agreement in this case does meet the California standards as well.

---

[7]    Moorning-Brown v. Bear, Stearns & Co., 1999 WL 1063233, 4 (S.D.N.Y. 1999) *reargument denied by* Moorning-Brown v. Bear, Stearns & Co., Inc., 2000 WL 16935 (S.D.N.Y. 2000).

[8]    Farac v. Permanente Medical Group, 186 F. Supp. 2d 1042 (N.D.Cal. 2002).

[9]    Armendariz, 24 Cal. 4th at 98 (accepting the preemption of the FAA over state legislation tha t would restrict the enforcement of arbitration agreements).

- 6 -

4.  **No Grounds for Revocation of the Agreement Exist.**

In <u>Armendariz</u>, the California Supreme Court held that an arbitration agreement that covers FEHA claims is enforceable unless it is found substantively or procedurally unconscionable. <u>Armendariz</u>, 24 Cal.4th at 114-115. This fundamental principle was reaffirmed by the California Supreme Court in <u>Little v. Auto Stiegler, Inc.</u>, 29 Cal. 4th 1064, 130 Cal.Rptr.2d 892 (2003), and extended to non-statutory claims such as wrongful termination in violation of public policy. Here, the Agreement is undoubtedly enforceable as to Thompson's non-statutory claims. As shown below, the Agreement is substantively and procedurally consciable.

(a)  **The Arbitration Agreement Is Substantively Consciable.**

Substantive unconscionability arises when the contractual terms are so unreasonably one-sided in favor of the employer that they "shock the conscience or impose harsh or oppressive terms." <u>24 Hour Fitness v. Superior Court</u>, 66 Cal.App.4th 1199, 1212-13, 78 Cal.Rptr.2d 533 (1998). Substantive unconscionability focuses on "overly harsh" or "one-sided results." <u>Armendariz</u>, 24 Cal.4th at 114 (citations omitted). To avoid these results, the Supreme Court in <u>Armendariz</u> has delineated a series of requirements an arbitration agreement must fulfill to be substantively consciable and thus enforceable. Since the Agreement provides that the arbitration of Thompson's claims be held in accordance with the rules of the American Arbitration Association ("AAA") or "any other nationally recognized ADR provider selected and agreed to by the Parties," the agreement here meets each of these requirements.

///
///
///
///

-7-

**(1)    The Agreement Provides for Representation by Counsel.**

The Agreement provides that "[a]ny party may be represented by counsel or by any other authorized representative." Agreement, p. 9, ¶ 27, Exh. 2 to the Marshall Dec.; UF 8.

**(2)    The Agreement Provides for a Neutral Arbitrator.**

The Agreement provides that the parties will mutually select a neutral arbitrator. Agreement, p. 8, ¶ 20-21, Exh. 2 to the Marshall Dec.; UF 9. The Agreement also provides that the AAA's rules will apply wherever they are not inconsistent with the terms of the Agreement. Agreement, p. 5, ¶ 2(C), Exh. 2 to the Marshall Dec.; UF 10. The AAA's rules also provide for the appointment of a neutral arbitrator. AAA Rule 12; Goodman Dec., ¶ 2 and Exh. 5; UF 11. Thus, the agreement guarantees this neutrality requirement.

**(3)    The Agreement Does Not Limit Remedies.**

The Agreement provides that it is "not intended either to abridge or enlarge substantive rights available under applicable law." Agreement, p. 1, ¶ 1, Exh. 2 to the Marshall Dec.; UF 12. It further provides that "the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, including injunctive relieve and punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding." Agreement, pp. 3-4, ¶ 8(B) (emphasis omitted), Exh. 2 to the Marshall Dec.; UF 13. The arbitrator also has discretion to award a prevailing employee reasonable attorneys' fees. Agreement, p. 4, ¶ 8(D), Exh. 2 to the Marshall Dec.; UF 14. The AAA's rules similarly provide that the arbitrator "may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court." AAA Rule 39(d); Goodman Dec., ¶ 2 and Exh. 5; UF 15.

- 8 -

**(4)    The Agreement Guarantees Adequate Discovery.**

The Agreement provides that "[d]iscovery may take any form permitted by the Federal Rules of Civil Procedure, as amended from time to time, subject to any restrictions imposed by the arbitrator."  Agreement, p. 9, ¶ 26(C), Exh. 2 to the Marshall Dec.; UF 16.  "The arbitrator shall have discretion to determine the form, amount and frequency of discovery by the Parties."  Agreement, p. 9, ¶ 26(B), Exh. 2 to the Marshall Dec.; UF 16.  Similar discovery provisions, expandable by the arbitrator, were upheld by <u>Mercuro v. Superior Court of Los Angeles County</u>, 96 Cal.App.4th 167, 182-183, 116 Cal.Rptr.2d 671 (2002) and <u>Ferguson v. Countrywide Credit Industries, Inc.</u>, 298 F.3d 778, 787 (9th Cir. 2002).

Also, to the extent that they are not inconsistent with the Agreement, the AAA rules apply.  Agreement, p. 5, ¶ 2(C), Exh. 2 to the Marshall Dec.; UF 10. Under the AAA rules, the arbitrator can order any discovery considered necessary to a "full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration."  AAA Rule 8; Goodman Dec., Exh. 8; UF 17.  This Rule offers substantially the same discovery methods as any court of justice and have been expressly approved by federal and California courts as being fair and equitable.  <u>Martin v. SCI Management L.P.</u>, 296 F. Supp. 2d 462 (S.D.N.Y. 2003); <u>Lagatree v. Luce Forward Hamilton & Scripps</u>, 74 Cal.App.4th 1105, 1130, 88 Cal.Rptr. 2d 664, n. 21 (2000).

Finally, in <u>Armendariz</u>, the Court held that by agreeing to arbitrate, the employer has already impliedly consented to discovery of a type that allows plaintiff to vindicate his claims.  <u>Armendariz</u>, 24 Cal.4th at 106.  Accordingly, Thompson's right to discovery is guaranteed by the Agreement.

///

///

///

- 9 -

**(5)    The Agreement Provides for a Written Arbitration Award.**

The arbitrator "must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." <u>Armendariz</u>, 24 Cal.4th at 107. The award must "include a determination of all the questions submitted to the arbitrators the decisions of which is necessary in order to determine the controversy." C.C.P. § 1283.4

Here, the Agreement requires for a written award and provides that "[t]he award shall be executed in any manner required by applicable law." Agreement, p. 11, ¶ 42, Exh. 2 to the Marshall Dec.; UF 18. The AAA's Rules require that the Arbitrator issue a written award which sets forth the reasons that support the Award. AAA Rule 39(c); Goodman Dec., Exh. 5; UF 19.

**(6)    The Agreement Provides for Judicial Review of the Award.**

The Agreement provides that the award shall be modified on order of a court of competent jurisdiction. Agreement, p. 11, ¶ 43, Exh. 2 to the Marshall Dec.; UF 20.

**(7)    Turner Will Pay for Any Fees Beyond What Thompson Would Have to Pay in Court.**

In <u>Armendariz</u>, the Court held that that plaintiffs must not be required to absorb expenses that are unique to arbitration. <u>Armendariz</u>, 24 Cal.4th at 110-111, 113. Here, the Agreement requires Thompson only to pay AAA's filing fee. Agreement, p. 8, ¶ 30, Exh. 2 to the Marshall Dec.; UF 21. Currently, AAA's employee filing fee for employer promulgated arbitration plans such as the Agreement at issue is $ 150 and the employer pays all other administrative costs. AAA Costs of Arbitration for Employer Promulgated Plans; Goodman Dec., Exh. 5; UF 22. This is less than the filing fee ($320) in this action.

///

- 10 -

1    Further, this court is authorized by the California Supreme Court to imply

2    into the Agreement a requirement that Turner pay all costs that are unique to the

3    arbitration process. <u>Little</u>, supra, at 1082.

4                              **(8)    The Agreement is Mutual.**

5          Arbitration agreements require a "modicum of bilaterality," <u>Armendariz</u>, 24

6    Cal.4th at 116, which, simply stated, means that both parties mutually agree to

7    arbitrate the claims they may have against each other.  The agreement in question

8    in <u>Armendariz</u> required employees to arbitrate their wrongful termination claims

9    against the employer, but did not require the employer to arbitrate any claims it

10   may have against the employees.  The Supreme Court held that the agreement in

11   <u>Armendariz</u> lacked mutuality which, together with other problems (limitation of

12   remedies, denial of payment of arbitration fees from the employer, etc.) made the

13   agreement unconscionable.  <u>Armendariz</u>, 24 Cal.4th at 120-121.

14         In contrast to the <u>Armendariz</u> agreement, the Agreement signed by the

15   parties here, does not exempt Turner from arbitration on any claims it might have

16   against Thompson.

17                     **(b)    The Agreement Is Procedurally Conscionable.**

18         The Agreement is procedurally conscionable because employers are entitled

19   to present fair arbitration agreements to new hires as a condition of employment

20   and this one in particular was presented in clear, non surprising and separate terms.

21   Procedural unconscionability refers to "oppression" or "surprise" due to the

22   unequal bargaining power that results in no real negotiation and an absence of

23   meaningful choice.  <u>Armendariz</u>, 24 Cal.4th at 114; Cal. Civ. Code § 1670.5.  The

24   procedural element to unconscionability may arise in connection with adhesion

25   contracts, but the finding of an adhesion contract does not "per se" render the

26   arbitration agreement unenforceable.  <u>Graham v. Scissor-Tail, Inc.</u>, 28 Cal.3d 807,

27   817, 171 Cal.Rptr. 604, 610 (1981) (such contracts are "an inevitable fact of life

28   for all citizens – businessman and consumer alike.")  In evaluating whether a

- 11 -

1  contract is adhesive, evidence of a standard contract alone, however, is insufficient

2  to establish it as a contract of adhesion.  The Court must initially presume that the

3  contract is valid and was negotiated at arm's length, i.e., "fair and regular." Cal.

4  Civ. Code § 3545; see, also, West v. Henderson, 227 Cal.App.3d 1578, 1586, 278

5  Cal.Rptr. 570 (1991) (in the absence of supporting evidence court will not presume

6  a party to a contract held a weaker bargaining position.)

7      There is no evidence of substantive unconscionability in this case.  First,

8  Thompson cannot establish the "surprise" element of procedural unconscionability

9  because he made a knowing agreement to arbitrate his claims.  Second, Thompson

10  cannot in hindsight claim that he lacked bargaining power, because he never once

11  during his employment objected to the Agreement or its application to him.  Also,

12  if Thompson had objected to arbitration, he always had the choice to find other

13  employment.  Employers may require employees to sign agreements to arbitrate

14  Title VII claims as a condition of their employment.  EEOC v. Luce Forward,

15  Hamilton & Scripps, 345 F.3d 742, 747-769 (9th Cir. 2003); see also Lagatree v.

16  Luce Forward Hamilton & Scripps, 74 Cal.App.4th at 1122-1123 (". . . a

17  predispute arbitration agreement is not invalid merely because it is imposed as a

18  condition of employment").

19      As with any other contract, the Court may enforce an arbitration agreement

20  where consent is express or implied by the parties' conduct.  In Craig v. Brown &

21  Root, Inc., 84 Cal.App.4th at 420, the Court of Appeal decided that:

22          An employee's acceptance of an agreement to arbitrate
23          may be express or, as in this case, implied-in-fact where
           the employee's continued employment constitutes her
24          acceptance of an agreement proposed by her employment
25          [citations omitted].

26      Thompson expressly assented to arbitration at the commencement of his

27  employment with Turner by executing the Agreement, and impliedly assented by

28  continuing his employment without objecting to the terms of the Agreement.

- 12 -

1    Thus, the conditions under which the arbitration agreement was presented to

2  Thompson were not oppressive or surprising and he was free to accept them or find

3  other employment.  The Agreement here should not be found procedurally

4  unconscionable.

5

6    **5.    <u>The Court Also May Sever Any Provisions It Finds<br>Unconscionable and/or Imply Terms into the Agreements.</u>**

7    As demonstrated above, the crucial elements of an enforceable arbitration

8  agreement, as required by <u>Armendariz</u> and more recent case law, are present in the

9  Agreement signed by Thompson.  However, in the event that any collateral

10  provision in the agreement is found to be unconscionable, it may be severed.  Cal.

11  Civ. Code §1599; <u>Armendariz</u>, 24 Cal.4th at 124.  See also, <u>Little</u>, supra at 1074-

12  1075.

13    Additionally, if the express provisions in the agreement are found not

14  sufficiently compliant with the <u>Armendariz</u> requirements, which for the above-

15  described reasons they are, and the Court believes that federal law does not

16  preempt these requirements, the Court can, as did the <u>Armendariz</u> court, imply the

17  term into the agreement:

18    [N]othing in the present arbitration agreement precludes
      such written findings and … the agreement must be
19      interpreted to provide such findings.

20

21  <u>Armendariz</u>, 24 Cal.4th at 107.

22    In short, in the event this Court finds that any provision of the Agreement

23  does not comport to the standards of current law, Defendant requests that the

24  provision(s) be severed and/or that the missing requirement(s) be implied, as that

25  would be the just result and the one which will give the greatest effect to the intent

26  of the parties.

27  ///

28  ///

- 13 -

1

IV.    **CONCLUSION**

For all the foregoing reasons, this Court should dismiss Thompson's Complaint without leave to amend pursuant to FRCP 12(b)(6).  Alternatively, this Court should enter summary judgment in favor of Defendant pursuant to FRCP 56.


DATED:  January 3, 2008                    EPSTEIN BECKER & GREEN, P.C.


By: _____
JAMES A. GOODMAN

Attorneys for Defendant,
TURNER CONSTRUCTION
COMPANY

- 14 -

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, California 90067-2506.

3.  I served copies of the following documents (specify the exact title of each document served):

    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    **Attorney for Plaintiff:**

    **Douglas E. Geyman**                **Tel: (619) 322-3533**
    **Law Office of Douglas E. Geyman**  **Fax:**
    **750 B Street, Suite 2635**
    **San Diego, California 92101**

5.  a. ☐  **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

- 15 -

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at , California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date):* January 3, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/3/08 | Ava Smith | |
|--------|-----------|--|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 16 -

Thompson v. Turner Construction Company
Case No. 07 CV 2412 JM (JMA)