1   James A. Goodman, State Bar No. 89715
    EPSTEIN BECKER & GREEN, P.C.
2   1925 Century Park East, Suite 500
    Los Angeles, California 90067-2506
3   Telephone: 310.556.8861
    Facsimile:  310.553.2165
4   jgoodman@ebglaw.com

5   Attorneys for Defendant
    TURNER CONSTRUCTION COMPANY

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   THOMAS THOMPSON, | CASE NO.  07 CV 2412 JM (JMA) |
| 12        Plaintiff, | **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56** |
| 13        v. | |
| 14   TURNER CONSTRUCTION COMPANY, a New York corporation and DOES 1 through 20, inclusive, | |
| 15 | |
| 16        Defendants. | |
| 17 | Honorable Jeffrey T. Miller |
| 18 | Date:   February 22, 2008 |
| 19 | Time:  1:30 p.m. |
| | Ctrm:  16 |

20

21       Defendant TURNER CONSTRUCTION COMPANY ("Turner" or

22 "Defendant") submits the following reformatted [Proposed] Statement of

23 Uncontroverted Facts and Conclusions of Law in support of its Motion for

24 Summary Judgment of Plaintiff THOMAS THOMPSON's ("Thompson" or

25 "Plaintiff") Complaint.  With respect to the  referred to herein, the following

26 abbreviations are used:

27 ///

28 ///

A.    "Marshall Dec., ___" refers to the Declaration of Connie Marshall filed concurrently herewith.  Relevant portions of the Marshall Dec. are identified by paragraph number.

B.    "Goodman Dec., ___" refers to the Declaration of James A. Goodman filed concurrently herewith.  Relevant portions of the Goodman Dec. are identified by paragraph number.

C.    "Complaint, ¶ __" refers to the Complaint filed by Thompson in the San Diego Superior Court on November 1, 2007.

## I.    PROPOSED UNCONTROVERTED FACTS

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1.    Thompson was hired by Turner as a Safety Engineer for its San Diego office on or about March 21, 2005. | Marshall Dec., ¶ 4; Complaint, ¶ 5. |
| 2.    On or about March 24, 2005, Thompson signed a document entitled "The Turner Corporation Dispute Resolution Policy and Procedures – Acknowledgement Of Turner's Dispute Resolution Policy And Procedures."  This document will hereinafter be referred to as | Marshall Dec., ¶ 5 and Exh. 1. |

- 2 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|

the "Dispute Resolution Acknowledgement."

3.    The Dispute Resolution Acknowledgement states:
                                     Marshall Dec., ¶ 5 and Exh. 1.

I hereby acknowledge that I have been given a copy of Turner's Dispute Resolution Policy and Procedure.

I have read it and understand that this policy provides a program for the equitable resolution of covered disputes, which include all matters arising out of my employment that are covered by law or statute.

I understand that accepting employment or continuing employment at Turner constitutes consent to be bound by this policy both during and after termination of employment.

4.    Turner's Dispute Resolution Policy and Procedures, hereinafter "Agreement," provides, in pertinent part:
                                     Agreement, pp. 1-2, ¶¶ 1 and 2, emphasis omitted; Marshall Dec., ¶ 6 and Exh. 2.

This Policy is intended to create an exclusive procedural mechanism for the final resolution of all Disputes falling within its terms.

. . .

"Dispute" means all legal and

- 3 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|

equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Policy or by an agreement to resolve Disputes under the Policy, or between a person bound by the Policy and a person or entity otherwise entitled to its benefits, including, but not limited to, any matters with respect to:

. . .

2. the employment or potential reemployment of an Employee, including the terms, conditions, or termination of such employment with the Company;

. . .

any other matter related to or concerning the relationship between the Employee and the Company including, by way of example and without limitation, allegations of: . . . defamation; infliction of emotional distress . . .;

. . .

All Disputes not otherwise settled by the Parties shall be finally and conclusively resolved under this Policy and the Procedures.

. . .

Proceedings under this Policy shall be the exclusive, final and binding method by which Disputes are resolved.

- 4 -

| **UNDISPUTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|

. . .

Employment or continued employment after the Effective Date of this Policy constitutes consent by both the Employee and the Company to be bound by this Policy, both during the employment and after termination of employment.

| | |
|---|---|
| 5.  On or about March 24, 2005, Thompson also signed a an "ACKNOWLEDGMENT OF RECEIPT FOR EMPLOYEE HANDBOOK." This document will hereinafter be referred to as the "Handbook Acknowledgement." | Marshall Dec., ¶ 7 and Exh. 3. |
| 6.  The Handbook Acknowledgement states: | Marshall Dec., ¶ 7 and Exh. 3. |

This is to acknowledge that I have received a copy of Turner's Employee Handbook, and understand that it contains important information on the company's general personnel policies and on my duties as an employee. I will familiarize myself with the material in the Handbook.

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 7. Turner's Employee Handbook refers to the Dispute Resolution Policy and asks employees to read the full policy. | Marshall Dec., ¶ 8 and Exh. 4. |
| 8. The Agreement provides that "[a]ny party may be represented by counsel or by any other authorized representative." | Agreement, p. 9, ¶ 27; Marshall Dec., ¶ 6, Exh. 2. |
| 9. The Agreement provides that the parties will mutually select a neutral arbitrator. | Agreement, p. 8, ¶ 20-21, Marshall Dec., ¶ 6, Exh. 2. |
| 10. The Agreement provides that the rules of the American Arbitration Association ("AAA") will apply wherever they are not inconsistent with the terms of the Agreement. | Agreement, p. 5, ¶ 2(C), Marshall Dec., ¶ 6, Exh. 2. |
| 11. AAA's rules also provide for the appointment of a neutral arbitrator. | AAA Rule 12, Goodman Dec., ¶ 2 and Exh. 5. |

- 6 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 12. The Agreement provides that it is "not intended either to abridge or enlarge substantive rights available under applicable law." | Agreement, p. 1, ¶ 1; Marshall Dec., ¶ 6, Exh. 2. |
| 13. The Agreement further provides that "the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, including injunctive relieve and punitive damages, which a Party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding." | Agreement, pp. 3-4, ¶ 8(B), emphasis omitted, Marshall Dec., ¶ 6, Exh. 2. |
| 14. The arbitrator also has discretion to award a prevailing employee reasonable attorneys' fees. | Agreement, p. 4, ¶ 8(D), Marshall Dec., ¶ 6, Exh. 2. |

///
///
///

- 7 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 15.  The AAA's rules provide that the arbitrator "may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court." | AAA Rule 39(d); Goodman Dec., ¶ 2 and Exh. 5. |
| 16.  The Agreement provides that "[d]iscovery may take any form permitted by the Federal Rules of Civil Procedure, as amended from time to time, subject to any restrictions imposed by the arbitrator" and that "[t]he arbitrator shall have discretion to determine the form, amount and frequency of discovery by *the Parties." | Agreement, p. 9, 26(B) and (C), Marshall Dec., ¶ 6, Exh. 2. |
| 17.  Under the AAA rules, the arbitrator can order any discovery considered necessary to a "full and fair exploration of | AAA Rule 8; Goodman Dec., Exh. 8. |

- 8 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| the issues in dispute, consistent with the expedited nature of arbitration." | |
| 18. The Agreement requires for a written award and provides that "[t]he award shall be executed in any manner required by applicable law." | Agreement, p. 11, 42, Marshall Dec., Exh. 2. |
| 19. The AAA's Rules require that the Arbitrator issue a written award which sets forth the reasons that support the Award. | AAA Rule 39(c); Goodman Dec., 2 and Exh. 5. |
| 20. The Agreement provides that the award shall be modified on order of a court of competent jurisdiction. | Agreement, p. 11, 43, Marshall Dec., ¶ 6, Exh. 2. |
| 21. The Agreement requires the employee only to pay AAA's filing fee. | Agreement, p. 8, 30, Marshall Dec., ¶ 6, Exh. 2. |

- 9 -

| UNDISPUTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 22. Currently, the AAA's employee filing fee for employer promulgated arbitration plans such as the Agreement at issue is $150 and the employer pays all other administrative costs. | AAA Costs of Arbitration for Employer Promulgated Plans; Goodman Dec., ¶ 2 and Exh. 5. |

## II.    PROPOSED CONCLUSIONS OF LAW

1.    Defendants hereby request that any uncontroverted fact that the Court deems to be a conclusion of law be recast as a conclusion of law.

2.    Thompson's claims are all barred because they are subject to a valid and binding arbitration agreement.

DATED:  January 3, 2008

EPSTEIN BECKER & GREEN, P.C.

By: _____
        JAMES A. GOODMAN
Attorneys for Defendant,
TURNER CONSTRUCTION
COMPANY

- 10 -

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is 1925 Century Park East, Suite 500, Los Angeles, California 90067-2506.

3.  I served copies of the following documents (specify the exact title of each document served):

    **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    **Attorney for Plaintiff:**

    **Douglas E. Geyman**                    **Tel:  (619) 322-3533**
    **Law Office of Douglas E. Geyman**    **Fax:**
    **750 B Street, Suite 2635**
    **San Diego, California  92101**

5.  a. ☐  **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. ☒  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

       (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

       (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

- 11 -

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at , California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.  (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4.  No error was reported by the fax machine that I used.  A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: January 3, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/3/08 | Ava Smith | |
|--------|-----------|--|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 12 -